IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JBARM, L.L.P., and<br>SHOWCASE PRODUCTIONS, INC.<br><br>　　　　　Plaintiffs,<br>v.<br><br>MAD RIVER POST, INC.,<br><br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:06-CV-2351-L |

## ORDER

On January 16, 2007, the court referred Defendant's Motion to Compel and for Stay, filed January 12, 2007, to United States Magistrate Judge Paul D. Stickney. Before the court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, entered May 10, 2007. No objections to the magistrate judge's findings and conclusions were filed.

Defendant Mad River Post, Inc. filed a Motion to Compel and for Stay on January 12, 2007. Defendant argues that the parties entered into several agreements, each of which included a clause requiring arbitration of "[a]ny controversy or claim arising out of or relating to" the agreements. Mot. 3. Defendant asked the court to compel arbitration and to stay the case.

Plaintiffs raised two objections to Defendant's motion. First, Plaintiffs argue that the agreements themselves were fraudulently induced and that their claims are based upon acts that occurred before the agreements were signed. Second, Plaintiffs argue that this court cannot compel arbitration in Denver, Colorado, as required by the arbitration clause.

United States Magistrate Judge Paul D. Stickney recommends granting Defendant's motion as far as compelling arbitration in this case, but denying Defendant's motion as to its request to stay

this case. The magistrate judge concluded that the parties agreed to a broad arbitration clause and that any claims of fraudulent inducement are claims "relating to" the agreements that fall within its ambit. The magistrate judge also concluded that the court could compel arbitration in Colorado, citing *Dupuy-Busching General Agency, Inc. v. Ambassador Insurance Co.*, 524 F.2d 1275, 1278 (5th Cir. 1975). Finally, the magistrate judge recommends dismissing the case without prejudice because all of Plaintiff's claims are arbitrable. *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999).

Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **grants** Defendant's Motion to Compel. The parties shall arbitrate this action pursuant to the terms of the arbitration agreement. The court **denies** Defendant's Motion for Stay, as all claims are arbitrable and there is no reason to retain jurisdiction over this matter. The court **dismisses with prejudice** Plaintiff's complaint.[*]

**It is so ordered** this 30th day of May, 2007.

Sam A. Lindsay
United States District Judge

---

[*] Rather than dismiss without prejudice, pursuant to *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992), the court dismisses this matter with prejudice.

**Order – Page 2**